IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Sandy Esperance,** | |
| PLAINTIFF, | Civil Action No. |
| v. | JURY TRIAL DEMANDED |
| **Experian Information Solutions, Inc. and Diamond Resorts,** | |
| DEFENDANT. | |

## COMPLAINT AND JURY DEMAND

### Preliminary Statement

1. This is an action for damages brought by an individual consumer against the Defendants (named below) for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "FCRA").

### Jurisdiction and Venue

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, and 28 U.S.C. §1331, 1337.

3. Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

### Parties

4. Plaintiff Sandy Esperance is an adult individual who resides at 32 Woodhaven Lane, Willingboro, NJ 08046.

5. Defendant Experian Information Solutions, Inc ("EX") is a business entity that regularly conducts business in the District of New Jersey, with the following registered agent for service: The Corporation Trust Company, 820 Bear Tavern Road, West Trenton NJ 08628.

6. Defendant Diamond Resorts ("DR") is a business entity that regularly conducts

business in the District of New Jersey, which has a place of business at 10600 W Charleston Blvd., Las Vegas, NJ 89135.

## Facts

7. Defendants have repeatedly reported derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information").

8. The inaccurate information includes, but is not limited to, an account with DR relating to a timeshare that Plaintiff purchased. On March 5, 2016 Plaintiff transferred her interest and ongoing financial obligation in her timeshare to Tempus Palms International, Ltd.

9. Despite having transferred any ongoing obligation in the timeshare, Defendants have continued to report the trade line with DR as open, and 180 days late for over one year, with Plaintiff still having monthly payments of $197.

10. The inaccurate information has repeatedly appeared on Plaintiff's consumer report provided by EX. Plaintiff disputed the inaccurate information with the Defendants, and Defendants have refused to remove the inaccurate information.

11. Despite disputing the information, Defendants continue to report the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that it has disseminated to various persons and credit grantors, both known and unknown.

12. Defendants either did not engage in any investigation when they were informed of the inaccurate reporting, or (alternatively) did not engage in a reasonable investigation, as such an investigation would have revealed that the inaccurate information was false.

13. Defendants also failed to institute or adhere to policies and procedures that could have prevented the reporting of the inaccurate information.

14. Defendants knew or should have known that its actions violated the FCRA. Additionally, Defendants could have taken the steps necessary to bring their agents' actions within compliance of the statutes, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

15. Plaintiff's credit report and file has been obtained from EX and has been reviewed by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving credit offers and opportunities, known and unknown. Plaintiff's credit reports have been obtained from EX by such third parties. Plaintiff has also suffered increased interest rates, reduced opportunities for financing and increased insurance premiums as a substantial result of Defendants reporting of the inaccurate information.

16. Because of Defendants' conduct, Plaintiff has suffered actual damages in the form of credit denial or loss of credit opportunity, credit score reduction, informational harm, privacy harm, credit defamation and emotional distress, including, but not limited to, anxiety, frustration, embarrassment, and humiliation.

17. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

18. At all times pertinent hereto, the conduct of the Defendants, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of Plaintiff.

## Count One – Violations of the FCRA
### Plaintiff v. EX

19.   Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

20.   At all times pertinent hereto EX is each a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

21.   At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

22.   At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

23.   Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b) and 15 U.S.C. § 1681i(a).

24.   The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## Count Two – Violations of the FCRA
### Plaintiff v. DR

25.   Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

26.   At all times pertinent hereto, DR was a "person" as that term is defined by 15 U.S.C. § 1681a(b).

27. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

28. DR violated Sections 1681n and 1681o of the FCRA by engaging in the following conduct:

   a. willfully and negligently failing to conduct a reasonable investigation of the inaccurate information that Plaintiff disputed;

   b. willfully and negligently failing to review all relevant information concerning Plaintiff's inaccurately reported trade lines;

   c. willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

   d. willfully and negligently failing to report the accurate status of the inaccurate information to all credit reporting agencies;

   e. willfully and negligently failing to provide all credit reporting agencies with the factual information and evidence that Plaintiff provided to Verizon;

   f. willfully and negligently continuing to furnish and disseminate inaccurate, unlawful and derogatory credit account and other information concerning Plaintiff to credit reporting agencies and other entities; and

   g. willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1621s-2(b).

29. The conduct of DR was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above. As a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further

relief, as may be permitted by law.

## JURY TRIAL DEMAND

30. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

a. Actual damages;

b. Statutory damages;

c. Punitive damages;

d. Costs and reasonable attorneys' fees; and

e. Such other relief as may be necessary, just and proper.

Respectfully submitted,

**THE KIM LAW FIRM, LLC**

BY:  /s/ Richard H. Kim (RHK 8964)
Richard Kim, Esquire
NJ Attorney I.D. No.: 010412005
1500 Market St.
Centre Square – West Tower
Suite W-3110
Philadelphia, PA 19102
Ph. 855-996-6342/Fax 855-235-5855
rkim@thekimlawfirmllc.com

*Attorney for Plaintiff Sandy Esperance*

Dated: June 6, 2018